**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

IN RE:                                                            CASE NO.  3:20-bk-03495-JAF
                                                                  CHAPTER 11

**JAX AVALON, LLC,**

          **Debtor.**
_____/

**DEBTOR'S MOTION FOR AN ORDER**
**(A) AUTHORIZING DEBTOR-IN-POSSESSION TO**
**OBTAIN POST-PETITION FINANCING, (B) GRANTING**
**A FIRST-PRIORITY LIEN POSITION ON ALL PROPERTY**
**OF THE BANKRUPTCY ESTATE, (C) GRANTING AN ADMINISTRATIVE**
**EXPENSE PRIORITY CLAIM AND (D) APPROVING THE AGREEMENT**
**RELATING TO THE FOREGOING AND REQUEST FOR EXPEDITED HEARING**

    Jax Avalon, LLC (the "Debtor"), debtor and debtor-in-possession in the above-styled Chapter 11 case, files this emergency motion (the "Motion") for the entry of an order pursuant to section 105 and section 364(c) and (d) of title 11 of the United States Code, 11 U.S.C. §§ 101, <u>et seq</u>. (the "Bankruptcy Code") and Rules 4001(c) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) authorizing the Debtor as debtor-in-possession to obtain post-petition financing, (b) granting a first-priority lien position on all property of the bankruptcy estate, (c) granting an administrative expense priority claim and (d) approving the agreement relating to the foregoing.  In support of this motion, Debtor states the following:

**BACKGROUND**

1. On December 8, 2020 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

2. The Debtor is continuing in possession of its property and is operating and managing its business, as debtor-in-possession, pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Neither a trustee nor examiner has been appointed to this case.

## THE DEBTOR

4. Debtor is a Florida LLC which owns and manages a 12 acre, 194 unit residential apartment complex located at 7557 & 7579 Arlington Expressway, Jacksonville, Florida 32211 (the "Complex").

5. Currently, 68 of the Complex's 194 units are not rented due to pending renovations that need to be completed before said units can be re-leased to tenants (the "Down Units").

6. Even with the Down Units, the Complex currently generates approximately $70,000.00 to $85,000.00 in gross rental income per month (the "Rents").

7. The Debtor's 100% member is Jax Mez, LLC.

8. The Debtor is managed by Equity China, Inc., and Jinyi Shao serves as its Director.

9. On even date herewith, the Debtor has filed an Application to Employ Mark Healy and Michael Moecker and Associates, Inc. as its Chief Restructuring Officer ("CRO").

10. Based upon an commercial appraisal of the Complex completed in August 2020, the current value of the Complex is $7,280,000.00. However, upon completion of the remodeling, renovation of the Down Units and stabilization of the property, the anticipated value of the Complex is in excess of $10,000,000.00.

## CONCISE STATEMENT OF RELIEF REQUESTED

11. The Debtor seeks $200,000.00 in post-petition financing to supplement its net operating cash flow and jump start renovations and repairs to the Complex (the "Bridge Loan"). Below is a summary of the initial repairs/improvements and estimated costs to be supplemented from the Bridge Loan:

| Work | Estimated Cost | Estimate Completion |
|---|---|---|
| Manhole Work | $16,000.00 | April 2021 |

| Roof Sealing | $25,000.00 | May 2021 |
| --- | --- | --- |
| Patio Sealing | $10,240.00 | March 2021 |
| Remodel (turn) of Vacant and Vacated Units | $15,000 - $44,000 per month | Ongoing |

12. The renovations, repairs and improvements to be funded by the Debtor as supplemented by the Bridge Loan are designed to remodel approximately 20 medium turn Down Units to rentable status over the next 6 months, which will increase the Debtor's net revenue after operational costs from approximately $13,000 to $35,000.00 per month while also increasing the value and condition of the Complex.

13. Attached as **Exhibit A** is a monthly operating budget prepared by the Debtor showing the projected income and expenses over the next six (6) months, including the application of the Bridge Loan to supplement the necessary renovations, repairs and improvements to the Complex.

14. Kingswood Universal LTD ("Kingswood") has agreed to provide the Debtor with the proposed Bridge Loan, provided that the Bridge Loan be secured by a priming first priority lien position on all property of the bankruptcy estate as well as an administrative expense priority claim. A true and correct copy of the proposed Bridge Loan Agreement with Kingswood is attached hereto as **Exhibit B**.

15. Kingswood is an asset management firm which primarily focuses on managing investment projects across mainland China. Kingswood is not an owner of the Debtor or its parent company Jax Mez, LLC, however Kingswood is owned and directed by Woon Kang, who also retains an ownership interest in Equity China, Inc., the manager of the Debtor.

16. Kingswood is a current unsecured creditor of the Debtor, with approximately $440,000.00 owed on four outstanding pre-petition loans[1].

17. Pursuant to Rule 4001(c)(1)(B), the following is a summary of the material provisions of the Bridge Loan as provided for in the Bridge Loan Agreement:

   a. **Primary Obligors Under the Bridge Loan:** Jax Avalon, LLC

   b. **Amount of Loan:** $200,000.00

   c. **Interest Rate:** 6.00% per annum

   d. **Maturity:** 24 months from date of funding.

   e. **Payments:** Monthly interest only payments on unpaid principal balance.

   f. **Revolving Credit:** n/a.

   g. **Closing Fee:** 0.00%.

   h. **Liens:** First-position priority lien on all property of the bankruptcy estate, including the Complex and rents generated therefrom.

   i. **Priority:** Administrative expense priority.

   j. **Use of proceeds:** Proceeds are to be used only for repairs and improvements to the Complex as determined and administered by Mark C. Healy, in his capacity as Debtor's CRO.

   k. **Disbursement of Proceeds:** Bridge Loan proceeds will be distributed to Mark C. Healy, in his capacity as Debtor's CRO.

   l. **Events of Default:** Usual and customary events of default as outlined in the Bridge Loan Agreement.

---

[1] Any pre-petition claims of Kingswood will be addressed based upon the filing of proper proofs of claims and under the Debtor's ultimate plan of reorganization. No portion of the Bridge Loan shall be used to repay any pre-petition obligations to Kingswood.

18. The Debtor, through this Motion, seeks Court approval of the Bridge Loan which will benefit the estate and creditors of the estate by providing the Debtor with the funds needed to complete necessary repairs and improvement to the Complex in order to increase occupancy, increase rental revenue, and increase the overall value of the Complex and the estate for the benefit of all creditors.

## JURISDICTION

19. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The venue of the Debtor's Chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE NEED FOR POST-PETITION FINANCING

20. The Debtor needs to obtain the Bridge Loan to fund jump-start extraordinary and necessary repairs and improvements to the Complex, including but not limited to, the remodel of the Down Units. The repairs and improvements to be funded by the Bridge Loan Proceeds (a) will serve to increase the value of the Complex and (b) increase occupancy and the rents generated by the Complex for the benefit of all creditors and in for use in funding an ultimate plan of reorganization.

21. The funds provided the Debtor from the Bridge Loan will benefit the bankruptcy estate and provide the Debtor a better opportunity to pay its creditors.

## BASIS OF RELIEF

22. When considering approval of post-petition financing, the Court must balance the goals of maximizing the estate and encouraging an ongoing business for reorganization. *In re Hendrix*, 2008 Bankr. LEXIS 4376, at *8 (Bankr. S.D. Ga. Jan. 24, 2008).

23. Pursuant to 11 U.S.C. § 364(c), the Court, after notice and a hearing, may authorize post-petition financing with administrative expense priority or secured by a junior lien on property of the estate if the trustee is unable to obtain unsecured credit allowable under 11 U.S.C. 503(b)(1).

24. The Bridge Loan is not an unsecured loan allowable under § 503(b)(1) as the Debtor was not able to obtain funding solely on an unsecured basis.

25. Pursuant to 11 U.S.C. § 364(d), the Court, after notice and a hearing, may authorize credit secured by a senior lien on property of the estate if the loan is not obtainable otherwise and the pre-petition secured creditors are adequately protected.

26. The Bridge Loan is not obtainable other than with the condition that Kingswood receives a first-priority lien position on property of the estate.

27. Since the Petition Date, undersigned counsel for the Debtor has communicated with three additional debtor-in-possession lenders in regards to obtaining post-petition financing, none of which have been able to offer comparable or better financing terms as proposed under the subject Bridge Loan with Kingswood.

28. The pre-petition creditors are adequately protected because the current status of the Complex will not generate much value for the creditors. However, once the proposed renovations and repairs are completed with the Bridge Loan proceeds, the pre-petition creditors will receive the benefit of their collateral, both the tangible property value of the Complex as well as the rents generated, increasing in value.

**EXPEDITED HEARING REQUEST**

29. Bankruptcy Rule 4001(c)(2) requires at least 14 days from the date of this Motion before the hearing is held. The Debtor requests the Court schedule a hearing on this Motion as soon after the 14-day requirement as the Court's calendar permits.

30. The Approval of the Bridge Loan and the $200,000.00 in proceeds will allow the Debtor to fund its necessary repairs and improvements, increase the value of the Complex and increase the Complex's ability to generate rents for the benefit of all creditors of the estate.

**WHEREFORE**, Debtor respectfully requests this Court schedule an expedited hearing on this Motion and enter an order:

a. authorizing the Debtor as debtor-in-possession to obtain the post-petition financing outlined in this Motion;

b. granting Kingswood a first-priority lien position on all property of the bankruptcy estate, including but not limited to the Complex and rents generated therefrom;

c. granting the Kingswood an administrative expense priority claim;

d. approving the Bridge Loan Agreement and related documents relating to the foregoing;

e. authorizing Debtors execution of the Bridge Loan Agreement for the Bridge Loan; and

f. granting any further relief the Court deems necessary.

(the remainder of this page is intentionally left blank)

Dated this 11th day of December 2020.

           **JAX AVALON, LLC**

           **/s/ Jinyi Shao**
           **Jinyi Shao, Director of Equity**
           **China, Inc., Manager of Jax Avalon, LLC**


           **LANSING ROY, P.A.**

           **/s/ William B. McDaniel**
           **Kevin B. Paysinger, Esquire**
           Florida Bar No. 0056742
           **William B. McDaniel, Esquire**
           Florida Bar No. 084469
           Attorney for Debtor(s)
           1710 Shadowood Lane, Suite 210
           Jacksonville, FL  32207-2184
           court@lansingroy.com
           Telephone:  (904) 391-0030
           Facsimile:  (904) 391-0031

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing, and all attachments and exhibits thereto, was sent on this 11th day of December 2020 to all parties electing to receive service through the Court's CM/ECF system, to all creditors and parties in interest as listed on the attached mailing matrix and to the following interested parties via first class US Mail.

Mark C. Healy, EVP
Michael Moecker & Associates, Inc.
841 Prudential Dr.
Jacksonville, FL 32207

        **LANSING ROY, P.A.**

        **/s/ William B. McDaniel**
        **Kevin B. Paysinger, Esquire**
        Florida Bar No. 0056742
        **William B. McDaniel, Esquire**
        Florida Bar No. 0084469
        Attorney for Debtor
        1710 Shadowood Lane, Suite 210
        Jacksonville, FL 32207
        (904) 391-0030
        court@lansingroy.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:20-bk-03495-JAF<br>Middle District of Florida<br>Jacksonville<br>Fri Dec 11 09:45:49 EST 2020 | Jax Avalon, LLC<br>2 Bates Trail<br>East Greenwich, RI 02818-1050 | Oreo Asset Holdings, LLLP<br>c/o Jason A. Burgess<br>1855 Mayport Road<br>Atlantic Beach, FL 32233-1919 |
| All Pro Asphalt<br>PO Box 43669<br>Jacksonville FL 32203-3669 | CITY OF JACKSONVILLE<br>117 W DUVAL ST<br>Jacksonville FL 32202-3700 | DUVAL COUNTY TAX COLLECTOR<br>231 E FORSYTH ST STE 130<br>JACKSONVILLE FL 32202-3380 |
| Duane C. Romanello, P.A.<br>1919 Blanding Blvd.<br>Jacksonville FL 32210-3254 | Duval County Tax Collector<br>231 Forsyth St. #130<br>Jacksonville FL 32202-3380 | FLA DEPT OF REVENUE<br>BANKRUPTCY DEPT.<br>P.O. BOX 6668<br>Tallahassee FL 32314-6668 |
| Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Internal Revenue Service<br>PO Box 7346<br>PHILADELPHIA PA 19101-7346 | JAX MEZ, LLC<br>100 N. Laura St., Suite 801<br>Jacksonville FL 32202-3668 |
| Oreo Asset Holdings, LLLP<br>The Law Offices of Jason A. Burgess, LLC<br>1855 Mayport Road<br>Atlantic Beach, Florida 32233-1919 | Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20220-0001 | U.S. Securities & Exchange Commission<br>Office of Reorganization<br>950 East Paces Ferry Road, N.E.<br>Suite 900<br>Atlanta, GA 30326-1382 |
| UNITED STATES ATTORNEY<br>300 NORTH HOGAN ST SUITE 700<br>JACKSONVILLE FL 32202-4204 | UNITED STATES ATTORNEY GENERAL<br>US DEPARTMENT OF JUSTICE<br>950 PENNSYLVANIA AVE NW<br>WASHINGTON DC 20530-0001 | United States Trustee - JAX 11 +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 |
| Jason A Burgess +<br>The Law Offices of Jason A. Burgess, LLC<br>1855 Mayport Road<br>Atlantic Beach, FL 32233-1919 | William B McDaniel +<br>Lansing Roy, PA<br>1710 Shadowood Lane, Suite 210<br>Jacksonville, FL 32207-2184 | Scott E Bomkamp +<br>United States Trustee<br>400 W. Washington Street<br>Suite 1100<br>Orlando, FL 32801-2440 |

Note: Entries with a '+' at the end of the name have an email address on file in CMECF


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Jerry A. Funk<br>Jacksonville | (d)Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA  19101-7346 | (d)United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 |

**End of Label Matrix**
Mailable recipients    21
Bypassed recipients     3
Total                  24